

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr.
Assistant Director and Actuary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4161
Re: Whether teacher employed
July 11, 1939, is entitled
to prior service under Teach-
er Retirement Law.

We have received your letter of October 21, 1941,
which we quote in part as follows:

". . .

"The Teacher Retirement System now has a
case where a person was not in service in the
public schools of Texas in the 1936-37, 1937-38
and 1938-39 school years. On July 11, 1939,
this person secured a bona fide written contract
with an independent school district that called
for her services to begin on September 5, 1939.
The person served as a teacher under the con-
tract during the 1939-40 school year and also
taught in the 1940-41 school year. Would the
Board of Trustees of the Retirement System be
carrying out the intent of the Retirement Law,
and would it be legally proper if the Board
ruled that the person referred to above would
be given credit for prior service, provided
she continues to serve as a teacher in the
1941-42, 1942-43, and 1943-44 school years?

"If your answer to the above question is
in the affirmative, what is the last date on
which a person may secure a bona fide written
contract and be considered as having become a
teacher within the period allowed in Section 3,
Subsection 5 of the Teacher Retirement Law?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 3, Subsection 5 of the Teacher Retirement Law (Article 2922-1, Vernon's Annotated Civil Statutes, reads as follows:

"(5) Anyone who has taught in the State of Texas in accordance with the terms of this Act, but who is not in service during the year in which the Act becomes effective, shall, if he becomes a teacher within two (2) years of the date on which this Act becomes effective, and if he continues as such for a period of five (5) consecutive years, be entitled to receive credit and resulting benefits for prior-service as provided for in this Act."

In our Opinion No. 0-646 it was held that three dates were of importance in construing the Teacher Retirement Law; that is, June 9, 1937, the date upon which the Act as an enactment of the Legislature became effective; July 1, 1937, the date of establishment of the Teacher Retirement System; and September 1, 1937, the date of the beginning of the first school year and upon which certain provisions of the Act became operative. It was also held in Opinion No. 0-646 that the date referred to in Section 3, Subsection 5, by the language, "the date on which this Act becomes effective," was June 9, 1937. Thus, two years from that date would be June 9, 1939.

The Act makes provisions under which a member may claim credit for prior service. Subsection 1 of Section 3 reads as follows:

"(1) All persons who are teachers on the date as of which the Retirement System is established shall become members as of that date as a condition of their employment unless within a period of ninety (90) days after September 1, 1937, any such teacher shall file with the State Board of Trustees on a form prescribed by such Board, a notice of his election not to be covered in the membership of the System and a duly executed waiver of all present and prospective benefits which would otherwise inure to him on account of his participation in the Retirement System."

Subsection 1 of Section 4 provides as follows:

"(1) Under such rules and regulations as the State Board of Trustees shall adopt each person who was a teacher, as defined in this Act, at any time during the year immediately preceding the establishment of the System, and who becomes a member during the first year of the System, and who becomes a member during the first year of operation of the Retirement System, or who is a member at the beginning of the school year 1937-1938, shall file a detailed statement of all Texas service, as a teacher, rendered by him prior to the date of establishment of the Retirement System for which he claims credit."

The Legislature realized that some persons who would otherwise be eligible for participation in the Teacher Retirement System would not be in service during the first year of operation of the System, and would thereby not be entitled to receive credit for prior service. It, therefore, passed Section 3(5) which, in effect, provides that one who has taught in accordance with the terms of the Act but who was not in service during the year in which the Act became effective would be entitled to receive prior service credit if he became a teacher within two years of the effective date of the Act, and continues as such for five consecutive years.

Under the facts submitted to us, the individual in question was not in service during the year preceding the establishment of the System or the first or second year after such establishment. He secured a contract on July 11, 1939, more than two years after the effective date of the Act. We therefore, believe that he does not come within the terms of Section 3(5) so as to be eligible to receive credit for prior service.

It is our opinion, therefore, that your question should be answered in the negative, and it is so answered. This renders unnecessary an answer to your second question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

GWS:LM

APPROVED OPINION COMMITTEE BY CHAIRMAN